# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAPAGNI FRUIT AND JUICE, LP, | Case No. 1:24 -cv-00377-KES-SKO |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| v. | (Doc. 20) |
| JAMES CORRADO INC., et al., | |
| Defendants. | |

On March 29, 2024, Papagni Fruit and Juice, LP ("Plaintiff") filed this action alleging causes of action under the Perishable Agricultural Commodities Act ("PACA") and California law. (Doc. 1.)

Currently before the Court is Plaintiff's renewed motion for entry of default judgment filed May 22, 2024 (Doc. 20), after Plaintiff obtained entry of default against Defendants (*see* Doc. 19). Because the motion again fails to address factors critical to establishing that default judgment is warranted under Fed. R. Civ. P. 55(b)(2), the Court will deny the motion, without prejudice.[1]

**A.  Legal Standard**

Once a party's default has been entered, the district court has discretion to grant default judgment against that party.  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092

---

[1] The Court previously advised Plaintiff of the factors applicable to a motion for default judgment so it that would be "aware of the applicable legal standards if it chooses to seek default judgment again after obtaining an entry of default." (Doc. 14 at 1.)

1

(9th Cir. 1980). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Once jurisdiction is satisfied, the court must determine whether default is judgment is proper under the "*Eitel* factors." *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Specifically, a court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

**B.     Discussion**

Plaintiff's motion for entry of default judgment is insufficient on its face. It does not include any citation to law, or a discussion of either jurisdiction or the relevant *Eitel* factors. Plaintiff's failure to present a sufficient discussion of the relevant factors alone is sufficient to deny the motion. *See, e.g.*, *Frenchans LLC v. Vestige LLC*, No. CV-22-00241-PHX-JZB, 2023 WL 3952432, at *2 (D. Ariz. Jan. 25, 2023) (denying motion for default judgment without prejudice because plaintiff failed to address the *Eitel* factors); *Hill v. First Integral Recovery, LLC*, Case No. CV-09-00839-PHX-DGC, 2009 WL 2781990, at *1 (D. Ariz. Aug. 31, 2009) (same). *See also Branstetter v. Lorenzo*, No. CV 20-00573 HG-WRP, 2022 WL 1037198, at *3 (D. Haw. Mar. 14, 2022) ("the Court also recommends that Plaintiff's Motion be denied without prejudice because Plaintiff has failed to cite the *Eitel* factors nor offer any argument as to why those factors justify default judgment against Defendant Lorenzo here."); *Osgood v. Main Streat Mktg.*, LLC, 2017 WL 7362743, at *2 (S.D. Cal. Sept. 27, 2017) (finding it appropriate to deny motion for default judgment that mentioned, but failed to address, the *Eitel* factors); *Tom Ver LLC v. Organic Alliance, Inc.*, 2015 WL 6957483, at *2 (N.D. Cal. Nov. 11, 2015) (noting previous denial of motion for default judgment because plaintiff failed to cite a single case and did not address the *Eitel* factors).

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for entry of default judgment (Doc. 20) is DENIED, without prejudice to the refiling of a motion for default judgment that addresses the proper legal standards and factors the Court must consider. Any default judgment sought by Plaintiff also "must not differ in kind from, or exceed in amount, what is demanded" in the complaint. Fed. R. Civ. P. 54(c).

IT IS SO ORDERED.

Dated:   **June 5, 2024**                                /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE