UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAPAGNI FRUIT AND JUICE, LP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES CORRADO INC., et al.,<br><br>　　　　　Defendants.<br>_____/ | Case No. 1:24-cv-00377-KES-SKO<br><br>**ORDER VACATING HEARING**<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART AND DENIED IN PART**<br><br>(Doc. 23)<br><br>**OBJECTIONS DUE: 14 DAYS** |

## I.　　INTRODUCTION

Plaintiff Papagni Fruit and Juice, LP asserts that it sold and shipped perishable commodities in interstate commerce to James Corrado Inc., which failed to pay for the produce. Plaintiff seeks to hold James Corrado Inc., Peter Corrado, Gerald Corrado, and Joseph Corrado (collectively, "Defendants") liable for violations of the Perishable Agricultural Commodity Act, 7 U.S.C. § 499a *et seq.* ("PACA"), declaratory judgment, breach of contract, and injunctive relief. (*See generally* Doc. 1) Because Defendants failed to respond to the allegations in the complaint, Plaintiff now seeks default judgment against the defendants. (Doc. 23.)

The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g). As such, the hearing on the motion set for September 11, 2024, is VACATED. For

the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED IN PART and DENIED IN PART.[1]

## II. PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint on March 29, 2024.  (Doc. 1)  Plaintiff asserts it sold perishable agricultural commodities, specifically produce, to James Corrado Inc. during September 2023.  (*Id.* at 3, ¶ 11.)  It delivered the produce "FOB to Sanger, California," where it was accepted by Defendant James Corrado Inc.  (*Id.* at 3, ¶ 12.)  Plaintiff alleges that Defendant James Corrado Inc. failed to pay for the produce.  (*Id.* at 3, ¶ 18.)  It brings claims for violations of PACA, declaratory judgment, breach of contract, and injunctive relief, and seeks damages, interest, costs, and an injunction.  (*See generally* Doc. 1.)

Although Defendants were properly served with the summons and complaint (*see* Docs. 8–11), they failed to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure.  Upon application of Plaintiff, default was entered against Defendants on May 20, 2024.  (Docs. 15–19.)  Plaintiff filed the motion for default judgment now pending before the Court on July 24, 2024.  (Doc. 23.)  Defendants have neither appeared nor opposed the motion.

## III. LEGAL STANDARDS GOVERNING DEFAULT JUDGMENT

The Federal Rules of Civil Procedure govern the entry of default judgment.  After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b).  Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven.  *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).  In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

---

[1] This motion is referred to the undersigned by Local Rule 302(c)(19) for the entry of findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B).

Entry of default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002); *see Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, the issuance of default judgment is disfavored. *Id.* at 1472.

### IV.   PLAINTIFF'S FACTUAL ALLEGATIONS AND EVIDENCE

The Court accepts Plaintiff's factual assertions as true because default has been entered against Defendants. *See Televideo Sys.*, 826 F.2d at 917. With the motion now pending, Plaintiff has also presented evidence, including in declaratory form and exhibits, which support the allegations in the complaint. (*See* Doc. 24.)

Plaintiff "is in the business of selling wholesale quantities of perishable agricultural commodities in interstate commerce." (Doc. 1 at 1, ¶ 2.) It alleges that Defendant James Corrado Inc. possessed a valid PACA license and "is a commission merchant, dealer, or broker subject to the [PACA]." (Doc. 1 at 2–3, ¶ 10; *see also* Doc. 24 at 2, ¶ 4.) Plaintiff asserts that in September 2023, it "sold to [James Corrado Inc.] in interstate commerce, and [James Corrado Inc.] purchased, perishable agricultural commodities" consisting of 1,080 boxes of fresh grapes "in the total amount of $ 34,105.50." (Doc. 1 at 3, ¶ 11; *see also* Doc. 24 at 2, ¶¶ 6, 7.) Upon the produce being shipped, Plaintiff issued an invoice to Defendant James Corrado Inc. "in the amount of $34,105.50."[2] (Doc. 24 at 2, ¶ 7; *see also* Doc. 24 Ex. C.) On the invoice, Plaintiff provided the following written notice

---

[2] Although the name on the invoice is "Corrado's Market," Plaintiff's representative avers that this invoice was issued to Defendant James Corrado, Inc. for the produce at issue in this case. (*See* Doc. 24 at 2, ¶ 7.) The Court further observes that the address indicated on the invoice is the same address where the defendants, including Defendant James Corrado Inc., were served with the summons and complaint in this case, as well as the same address listed on the PACA license search website for James Corrado, Inc. (*Compare* Doc. 24 Ex. C *with* Docs. 8–11 *and* Doc. 24 Ex. A.)

of the company's intent to preserve its PACA trust rights:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. § 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

(Doc. 24, Ex. C.; *see also* Doc. 1 at 3, ¶ 16; Doc. 24 at 2, ¶ 7.) The invoices also indicate that "ALL PAST DUE INVOICES WILL BE CHARGED INTEREST OF 2% PER MONTH." (Doc. 24, Ex. C.) Plaintiff claims that, to date, it "has not received any payments" from Defendants for the invoiced produce, "including [the] amount of 2% interest per month such invoice was not paid." (Doc. 24 at 2, ¶ 8; *see also* Doc. 1 at 3, ¶ 18.) According to Plaintiff, the "total interest accumulated to date equals $6,699.87" (Doc. 24 at 2, ¶ 8), with the total amount owed to Plaintiff equaling $40,805.37.[3]

## V.     DISCUSSION AND ANALYSIS

Applying the factors articulated by the Ninth Circuit in *Eitel*, the undersigned finds that entering default judgment is appropriate here.

### A.     Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment were not entered, and potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See Pepsico, Inc.*, 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. *Id.*; *see also Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1236–37 (E.D. Cal. 2008) ("Plaintiff will be prejudiced if default judgment is denied because plaintiff will be without other recourse for recovery"). Because Plaintiff has no other means to recover damages from Defendants, the Court finds Plaintiff would be prejudiced if default judgment is not granted.

### B.     Merits of Plaintiff's claims and the sufficiency of the complaint

Given the kinship of these factors, the Court considers the merits of Plaintiff's claims and the sufficiency of the complaint together. *See Yelp Inc. v. Catron,* 70 F. Supp. 3d 1082, 1098 (N.D.

---

[3] Due to apparent scrivener's error, Plaintiff indicates the total amount equals "$40,804.87." (*See* Doc. 24 at 3, ¶ 9.)

4

Cal. 2014) ("For ease of analysis, the merits of Plaintiffs substantive claims and sufficiency of the complaint are considered together"); *see also Premier Pool Mgmt. Corp. v. Lusk*, 2012 WL 15932060, at *5 (E.D. Cal. May 4, 2012). The Ninth Circuit has suggested that, when combined, the factors require a plaintiff to "state a claim on which the plaintiff may recover." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175.

Here, Plaintiff alleges claims for PACA violations, along with claims for declaratory judgment, breach of contract, and injunctive relief. (*See generally* Doc. 1.) The undersigned first considers the non-PACA-based claims, followed by the claims for PACA violations.

### 1. Non-PACA Claims

In its motion, Plaintiff entirely neglects to address its claims for declaratory judgment, breach of contract, and injunctive relief. (*See generally* Doc. 23.) When a party moving for default judgment "does not address" claims asserted in the complaint, it is unclear whether the movant "intends to proceed" on or "withdraw those claims." *Fernandez-Peralta v. Gamez*, No. CV 19-03749-CJC (MRWx), 2019 WL 9240983, at *3 (C.D. Cal. Nov. 7, 2019). Failure to discuss a claim renders a motion for default judgment "deficient" as to that claim "because it ignores key legal questions and therefore fails to properly address the second and third Eitel factors." *See id*. Thus, the undersigned will not recommend the entry of default judgment against Defendants based on Plaintiff's unaddressed claims for declaratory judgment, breach of contract, and injunctive relief. Instead, as Plaintiff appears to have abandoned these claims, the undersigned will recommend that they be dismissed with prejudice. *See, e.g., DMB Packing Corp. v. Ramirez*, No. 2:20-CV-09013-ODW (AGRx), 2022 WL 2916076, at *3 (C.D. Cal. July 25, 2022).

### 2. PACA Violations

The PACA was enacted to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts." 7 C.F.R. Part 46, Fed. Reg. 45735, 45737 (Nov. 20, 1984).

Under the PACA, it is unlawful for any commission merchant, dealer, or broker to "fail or refuse truly and correctly to account and make full payment in respect of any transaction in any

[perishable commodity] to the person with whom such transaction is had . . . or to fail to maintain the trust as required." 7 U.S.C. § 499b(4).  A trustee must hold any commodities and receivables, or proceeds from the sale of the commodities, in trust for the benefit of all unpaid suppliers or sellers until full payment of the amount owed has been received.  7 U.S.C. § 499e(c).

> To enforce a trust under the PACA, a plaintiff must demonstrate:
>
> (1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices.

*Beachside Produce, LLC v. Flemming Enterprises, LLC,* No. C–06–04957 JW, 2007 WL 1655554, at *2 (N.D. Cal. June 6, 2007) (citing 7 U.S.C. § 499e(c)(3), (4); 7 C.F.R. § 46.46(c), (f)).  In addition, "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997).

Here, Plaintiff's business involves selling wholesale quantities of agricultural commodities in interstate commerce.  (*See* Doc. 1 at 1, ¶ 2.)  Defendant James Corrado Inc. possessed a valid PACA license and is a commission merchant, dealer, or broker subject to the PACA.  (Doc. 1 at 2–3, ¶ 10; *see also* Doc. 24 at 2, ¶ 4.)  Plaintiff sold grapes to Defendant James Corrado Inc. in interstate commerce in the amount of $34,105.50."  (Doc. 1 at 3, ¶ 11; *see also* Doc. 24 at 2, ¶¶ 6, 7.)  Plaintiff, as the seller, preserved its statutory trust rights under PACA by providing written notice of Plaintiff's intent to preserve its PACA trust rights on the face of each invoice.  (Doc. 24, Ex. C.; *see also* Doc. 1 at 3, ¶ 16; Doc. 24 at 2, ¶ 7.)  However, Defendant James Corrado Inc. has not paid Plaintiff for the grapes.  (Doc. 24 at 2, ¶ 8; *see also* Doc. 1 at 3, ¶ 18.)

Plaintiff has alleged facts supporting the creation of a trust and a breach of that trust under 7 U.S.C. § 499b(4) by Defendant James Corrado Inc.  Plaintiff has also alleged that the individual defendants Peter Corrado, Gerald Corrado, and Joseph Corrado were each a "principal" of Defendant James Corrado Inc. (Doc. 1 at 2, ¶¶ 4–6; *see also* Doc. 24 at 2, ¶ 5 and Ex. A.)  As such, they "controlled or was in a position to control the assets" of Defendant James Corrado Inc., but the company failed to preserve trust assets for Plaintiff.  (Doc. 1 at 2, 6, ¶¶ 4–6, ¶¶ 44–50; *see also* Doc.

24 at 2, ¶ 5 and Ex. A.)  Because Peter Corrado, Gerald Corrado, and Joseph Corrado breached the fiduciary duty, they may be held personally liable for the tortuous act.  *Sunkist*, 104 F.3d at 283; *accord Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701 (2nd Cir. 2007).  Consequently, the Court finds Plaintiff has sufficiently stated claims under PACA against Defendants James Corrado Inc., Peter Corrado, Gerald Corrado, and Joseph Corrado.

### C. Sum of money at stake

In considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico, Inc.*, 238 F.Supp.2d at 1176.  Here, Plaintiff seeks judgment in the total amount of $41,664.17.  (Doc. 23-1 at 6; Doc. 24 at 2, ¶¶ 7–8.)  This amount represents the principal sum owed after the sale of produce by Plaintiff to Defendant James Corrado Inc., together with prejudgment interest and costs of suit.  (*See id*.)  Defendant James Corrado Inc. did not comply with its obligations under PACA, and Peter Corrado, Gerald Corrado, and Joseph Corrado violated their fiduciary duties.  Thus, the amount of damages is proportional to Defendants' conduct, and this factor does not weigh against default judgment.

### D. Possibility of dispute concerning material facts

There is little possibility of dispute concerning material facts because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917–18, and Defendants have submitted nothing to contradict the well-pleaded allegations in the complaint.  *See Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); *United Specialty Insurance Co. v. Saleh*, No. 1:16-cv-00632-DAD-MJS, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22, 2016) ("Inasmuch as default serves as an admission of Plaintiff's well-pled allegations of fact, it must be concluded that there is no dispute as to any material fact.") (internal citation omitted).  Therefore, this factor does not weigh against default judgment.

### E. Whether default was due to excusable neglect

Generally, the Court will consider whether a defendant's actions—such as failure to file an answer—is due to excusable neglect.  *See Eitel*, 782 F.2d at 1472.  Here, Defendants were served

with the summons and complaint on April 6, 2024. (Docs. 8–11.) Defendants failed to file responsive pleadings or oppose Plaintiff's motion for default judgment. The Court has no evidence before it to demonstrate Defendants' failure to participate in the litigation is due to excusable neglect. Thus, it is unlikely the failure to respond was the result of excusable neglect. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants "were properly served with the Complaint, the notice of entry of default"). Accordingly, this factor does not weigh against default judgment.

### F. Policy disfavoring default judgment

As noted above, default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Here, however, the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits does not weigh against default judgment because Defendants' failure to appear makes a decision on the merits impractical.

## VI. RELIEF REQUESTED

Based upon the foregoing, Plaintiff established that Defendants violated the PACA, and the *Eitel* factors weigh in favor of granting default judgment on those claims. Therefore, the Court turns to the relief requested for these claims and the evidence presented by Plaintiff regarding damages.[4] *See Televideo Sys.*, 826 F.2d at 917 (allegations regarding the amount of damages must be proven); *see also DR JKL Ltd. v. HPC IT Educ. Ctr.,* 749 F. Supp. 2d 1038, 1051 (N.D. Cal. 2010) ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages").

### A. PACA Damages

Under the PACA, a "commission merchant, dealer, or broker. . . shall be liable to the person or persons injured . . . for the full amount of damages" after a violation. 7 U.S.C. §499e(a). Plaintiff seeks $34,105.50 for the principal sum due on the unpaid invoice. (Doc. 24 at 2, ¶7 and Ex. C; Doc.

---

[4] Because the undersigned finds that Plaintiff has abandoned its claim for injunctive relief, *see supra*, the undersigned declines to recommend that Plaintiff be granted such relief in the form of an order enjoining Defendants from "selling, transferring, conveying or otherwise disposing of any alleged PACA trust assets," or in the form of an order requiring Defendants to "turn over all amounts subject to the PACA trust," (*see* Doc. 1 at 9).

23-1 at 2.) Based upon the evidence presented, which includes the invoice, the Court finds Defendants are liable for the violations of PACA and recommends Plaintiff's motion for PACA damages be granted in the amount of $34,105.50.

### B. Prejudgment Interest

Next, Plaintiff seeks $6,699.87 in prejudgment interest on the principal balance that accrued through and including July 24, 2024, the date of the motion. (Doc. 23-1 at 5, 6; Doc. 23-2 at 3, ¶ 15; Doc. 24 at 2, ¶ 8.) Plaintiff seeks prejudgment interest at the rate of 2% per month, based on language in the invoice indicating that "ALL PAST DUE INVOICES WILL BE CHARGED INTEREST OF 2% PER MONTH." (Doc. 24, Ex. C.)

"Prejudgment interest is an element of compensation, not a penalty." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). In cases involving PACA trust enforcements, courts may properly award prejudgment interest if supported by a contractual right. *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1223 (9th Cir. 2002). In such cases, courts typically defer to the contracted interest rate. *See, e.g., W. Veg-Produce, Inc. v. Lexy Grp.*, No. 2:18-cv-00180-ODW (AGRx), 2018 WL 1804689, at *7 (C.D. Cal. Apr. 16, 2018) (awarding prejudgment interest at the contracted rate of 18% per year in a PACA case); *Fam. Tree Produce, Inc. v. Bautista*, No. SA CV 13-00364-DOC (MLGx), 2013 WL 6733576, at *5 (C.D. Cal. Dec. 13, 2013) (same, upon motion for default judgment).

The Ninth Circuit in *Middle Mountain Land & Produce* declined to determine whether an invoice created a contractual right in a PACA case, but rather remanded that issue to the district court. 307 F.3d at 1225. However, in other contexts, the Ninth Circuit determined that terms expressed in an invoice for the sale of goods impose contractual duties. *See United States ex rel. Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters.*, 74 F.3d 972, 976 (9th Cir. Guam 1996).

In *Southwest Concrete Products v. Gosh Construction Corp.*, 51 Cal. 3d 701, 709 (Cal. 1990), the California Supreme Court determined that late charges, in the form of interest, become "part of the contract under section 2207 of the California Uniform Commercial Code." This statute provides that terms added in an invoice, for example, "become part of the contract unless: (a) The offer expressly limits acceptance to the terms of the offer; (b) They materially alter it; or (c)

Notification of objection to them has already been given or is given within a reasonable time after notice of them is received." Cal. U. Com. Code § 2207(2).

Under the circumstances, the undersigned finds that the prejudgment interest term does not materially alter and is supported by the contract between the parties for the PACA goods, and therefore, recommends Plaintiff's request for prejudgment interest be granted in the amount of $6,699.87.

### C.   Costs

Finally, Plaintiff seeks reimbursement of court costs in the amount of $858.80. Filing fees and fees for service of process are recoverable under PACA. *See e.g., W. Veg-Produce*, 2018 WL 1804689, at *8 (awarding filing and service costs to the prevailing party in a PACA default judgment); *Fam. Tree Produce*, 2013 WL 6733576, at *6 (same). The Court's docket reflects payment of the $405 filing fee, and Plaintiff has submitted a declaration and receipts showing the process server fee of $453.80. (*See* Doc. 23-2 at 3, ¶ 16; Docs. 8–11.) Accordingly, the requested costs are supported by the record, and the undersigned recommends that Plaintiff's request for an award of costs totaling $858.80 incurred in filing this PACA matter be granted.

## VII.   FINDINGS AND RECOMMENDATIONS

The *Eitel* factors weigh in favor of granting default judgment as to Plaintiff's PACA claims, and the entry of default judgment is within the discretion of the Court. *See Aldabe*, 616 F.2d at 1092. Based upon the foregoing, the hearing set for September 11, 2024, is VACATED, and the Court RECOMMENDS:

1. The motion for default judgment (Doc. 23) be GRANTED as to Plaintiff's claims under the PACA, and DENIED as to Plaintiff's claims for declaratory judgment, breach of contract, and injunctive relief;

2. Judgment be entered in favor of Plaintiff and against Defendants James Corrado Inc., Peter Corrado, Gerald Corrado, and Joseph Corrado, in the amount of **$41,664.17**, comprising a principal balance in the amount of $34,105.50; prejudgment interest in the amount of $6,699.87; and costs in the amount of $858.80;

3. Plaintiff's claims for declaratory judgment, breach of contract, and injunctive relief

            be DISMISSED with prejudice; and

4.       The Clerk of Court be directed to enter judgment in Plaintiff's favor and to close this case.

Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to each of the defendants at their last known address(es).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days of service** of these findings and recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 26, 2024**                    /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE